IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BANILLA GAMES, INC., and <br> GROVER GAMING, INC., <br> Plaintiffs, <br><br> v. <br><br> GUANGZHOU YINGFENG <br> TECHNOLOGY CO., LTD., <br> Defendant. | Civil Action No. 3:23CV182 (RCY) |

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiffs' Motion for Entry of Default Judgment (ECF No. 14), seeking default judgment against Defendant Guangzhou Yingfeng Technology Co., Ltd. ("Defendant"). Defendant did not file a response to Plaintiffs' motion, and the deadline to respond has passed. For the reasons stated herein, the Court will DENY Plaintiffs' Motion for Entry of Default Judgment (ECF No. 14), VACATE the Clerk's Entry of Default (ECF No. 13), and ORDER Plaintiffs to show that service has been properly effected or otherwise move for an extension to properly serve Defendant.

**I. BACKGROUND**

On March 21, 2023, Plaintiffs Banilla Games, Inc. ("Banilla") and Grover Gaming ("Grover") (collectively "Plaintiffs") filed their Complaint against Defendant, alleging copyright infringement, trademark infringement, and misappropriation of trade secrets. (ECF No. 1.) On March 21, 2023, the Court issued an Order directing Plaintiff to file an Amended Complaint addressing personal jurisdiction and venue. (ECF No. 4.) Plaintiffs subsequently filed an Amended Complaint on March 28, 2023. (ECF No. 7.) On April 27, 2023, Plaintiffs filed their returned summons showing service was made on Defendant on March 28, 2023. (ECF No. 10.)

1

On May 31, 2023, Plaintiffs filed their Request for Clerk's Entry of Default. (ECF No. 11.) Plaintiffs filed their Corrected Request for Entry of Default on June 2, 2023. (ECF No. 12.) On June 6, 2023, the Clerk entered default against the Defendants. (ECF No. 13.) On July 13, 2023, Plaintiffs filed the present Motion for Entry of Default Judgment and accompanying memorandum. (ECF Nos. 13, 14.)

Plaintiff Grover is a corporation organized and existing under North Carolina law and authorized to do business in Virginia. (Amended Compl. ¶ 4.) Plaintiff Banilla is a corporation organized and existing under North Carolina law and authorized to do business in Virginia. (*Id.* ¶ 5.) Defendant Guangzhou Yingfeng Technology Co., Ltd., is a Company based in China. (*Id.* ¶ 6.) Plaintiffs Grover and Banilla are in the gaming business together—Grover creates, designs, develops, and manufactures the software, 3-D artwork, and audiovisual effects for electronic games which are then distributed by Banilla. (*Id.* ¶ 4.) Plaintiffs claims arise out of Defendant's alleged unauthorized use, sale, distribution, and public display of counterfeit, pirated, or hacked versions of Plaintiffs' copyrighted games, and further out of Defendant's unauthorized and infringing use of Plaintiffs' trademarks. (*Id.* ¶ 2.)

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs default judgment. Under Rule 55(a), "the clerk must enter the party's default" when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After the clerk has entered default, the plaintiff may request the entry of a default judgment. *See* Fed. R. Civ. P. 55(b). If the claim is for a "sum certain or a sum that can be made certain by computation, the clerk . . . must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1). If the claim is not for a sum certain, the plaintiff must apply to the court for entry of a default judgment.

Fed. R. Civ. P. 55(b)(2). When considering whether to enter default judgment, a court must exercise sound discretion. *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). "The moving party is not entitled to default judgment as a matter of right." *Id*. "Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim." *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003); *see Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998). However, a plaintiff's factual allegations are not automatically accepted as true for the purposes of damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Kindred v. McLeod*, No. 3:08cv19, 2010 WL 4814360, at *3 (W.D. Va. Nov. 19, 2010).

### III. DISCUSSION

As a preliminary matter, the Court finds that some of the procedural requirements of maintaining this suit in federal court are satisfied, to wit: the Court has subject matter jurisdiction over the controversy on the basis of federal question; the Court has personal jurisdiction over the Defendant based on Defendant's minimum contacts arising out of its business in the forum; and venue is proper because a substantial part of the events giving rise to the claim occurred in the forum.

However, service of process was not properly effected in this case, a prerequisite to a court granting default judgment. *Winzeler v. Sanchez*, No. 2:13-CV-612, 2015 WL 12645001, at *4 (E.D. Va. July 28, 2015); *Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Sustainable Works*, No. 1:14-CV-1023, 2015 WL 300494, at *2 (E.D. Va. Jan. 22, 2015). Both China and the United States are parties to the Hague Convention. *HCCH Members*, https://www.hcch.net/en/states/hcch-members (last visited Nov. 6, 2023) (listing both the United

States and China as parties to the Convention).  "[C]ompliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).  Here, because the Defendant is located in China, the Hague Convention applies and therefore governs service of process. *Smart Study Co., Ltd. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1389–90 (S.D.N.Y. 2022); *see also* Hague Convention art. 1 ("The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."); Fed. R. Civ. P. 4 advisory committee's note ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.").

Federal Rule of Civil Procedure 4(f) gives effect to the Hague Convention and provides the means by which a plaintiff may serve an individual outside of the United States.  Fed. R. Civ. P. 4(f).  Rule 4(f)(1) states that an individual may be served outside of any judicial district of the United States by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention."  Fed. R. Civ. P. 4(f)(1).  Under Rule 4(f)(3), the court can authorize service on a foreign individual "by other means not prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3).  To effectuate service under Rule 4(f)(3), Plaintiffs must first file a motion asking the court to authorize them to effect service on the unserved defendant. *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562 (C.D. Cal. 2012).  "Any method of service authorized by the court, however, must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 563 (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950))).

Because Rule 4(f) governs service of process here, Plaintiffs were required to follow the methods laid out in the Hague Convention or request authorization of the Court to serve in a different manner under Rule 4(f)(3).  Plaintiffs did neither.  Instead, they served the Amended Complaint and Summons on Defendant's registered agent, CoCo Xu, pursuant to Federal Rule of Civil Procedure 5.  (*See* Mem. in Support of Mot. for Def. J 1, ECF No. 14; *see also* Returned Summons, ECF No. 10.)  There is nothing in Plaintiffs' filings that suggest they attempted service pursuant to the methods laid out in the Hague Convention.  Nor did Plaintiffs request authorization from the Court to serve via alternative, unprohibited means.  Plaintiffs' process server simply checked a box that states, "I served the summons on Coco Xu, Sales Manager, who is designated by law to accept service of process on behalf of Guangzhou Yingfeng Technology Co., Ltd. on [March 28, 2023]."  (Returned Summons.)  It is unclear how the server actually served the summons on Coco Xu—i.e., whether it was in person, via email, or via postal mail.  In this case, service via email or postal mail is prohibited because China has objected to Article 10 of the Hague Convention, which otherwise allows for such service.  *See Smart Study Co.*, 620 F. Supp. 3d at 1394–97.  Because of this prohibition, the lack of information in the briefings, and Plaintiffs' failure to obtain the Court's authorization for alternative service, the Court cannot conclude that service was proper under Rule 4(f).

## IV. CONCLUSION

Having thus concluded that Plaintiffs have not satisfied the procedural requirements for entry of default judgment, the Court will deny Plaintiffs' Motion for Entry of Default Judgment without prejudice.  An appropriate Order will accompany this Memorandum Opinion.

/s/ *RCY*
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: <u>November 9, 2023</u>